HUBBARD ET AL., APPELLEES, *v.* PAPE ET AL., APPELLANTS ET AL.

(No. 9081—Decided February 17, 1964.)

*Mr. Jerome Goldman* and *Messrs. Magrish & Magrish,* for appellees.

*Mr. Milton M. Bloom,* for appellants.

DOYLE, J. The issues presented in this trial *de novo* have been carefully examined and re-examined in the light of the pleadings and the evidence.

1. This court finds, as did the Common Pleas Court, that the petitioners and the defendants Pape, Carroll and Luegering, and one Paul Ashcraft, as the original stockholders and employees of the Lackner Custom Sign Service Company, agreed that no one of the stockholders could sell or dispose of his stock without first offering it for sale to the corporation at its current book value; and that, if the corporation elected not to acquire the stock, it should be offered to fellow stockholders for purchase in pro rata amounts, at a book value calculated on the basis of the last report of the corporation's accountant. At a stockholders' meeting held on December 30, 1957, the agreement was ratified and formalized by vote of the stockholders.

We further find, as did the Court of Common Pleas, that the stockholder-employees of the company voted at their December 30, 1957, meeting, to ratify and formally adopt their previous agreement that no stockholder-employee could be discharged from his employment without the vote of all other stockholders-employees.

It appears that the corporate records and the minutes of the meetings fail to properly include the action of the stockholders and directors in respect to the matters set forth in the two preceding paragraphs; and in consideration thereof it will be ordered that the corporate records be amended and supplemented, to the end that the true facts shall be there reflected.

2. The evidence establishes the fact that, in violation of the duly-enacted regulations of the corporation, Edward M. Pape acquired, by purchase, fifty shares of the capital stock of the company from stockholder Harry Luegering. The stock had not been first offered to the company at its book value. In consideration of this transgression, the same order will be here made as was made in the Court of Common Pleas: "that defendant Edward M. Pape be divested of the fifty (50) shares

of stock acquired by him on October 12, 1959, from defendant Harry Luegering, and that said shares be offered to Lackner Custom Sign Service Company at the book value as determined by the corporation's accountant's report last made prior to October 12, 1959; that upon said purchase Lackner Custom Sign Service Company pay to the said Edward M. Pape the cash paid by the said Edward M. Pape for said shares of stock acquired from Harry Luegering; that if said Lackner Custom Sign Service Company elects not to make said purchase, the said fifty (50) shares of stock be offered to the other stockholders of record in pro rata amounts at the current book value as determined by the corporation's accountant's report, last made prior to October 12, 1959.''

3. It is charged in the amended petition that the defendants Pape and Carroll, while acting as officers and directors of the Lackner Custom Sign Service Company, organized, in violation of their fiduciary obligations, a partnership called the ''Plastisign Suppliers Company,'' with Louis Claxton and Harry Luegering as additional partners, and operated the partnership in secret business competition with the Lackner Custom Sign Service Company, and have ''realized secret profits from the Lackner Custom Sign Service Company by their dealings as partners of said Plastisign Suppliers Company with the said * * * Lackner Custom Sign Service Company, and that the said defendants * * * have acted in bad faith and for their personal gain and profit, and contrary to law.''

The amended petition continues by alleging that ''the gains and profits from the operation of said Plastisign Suppliers Company * * * properly belongs to said Lackner Custom Sign Service Company and have been wrongfully withheld from it by said defendants.''

As a consequence of this conduct, the amended petition prays that ''said individual defendants * * * be required to account to Lackner Custom Sign Service Company for all profits realized by them, directly or indirectly, in the conduct of said Plastisign Suppliers Company * * *.''

The plaintiffs (appellees) pose the question raised in this part of the pleading as follows:

''Is the corporation [The Lackner Custom Sign Service

Company] entitled to the profits and ownership of the business of the Plastisign Suppliers Company, on the ground that Carroll, Pape and Luegering, as president, vice president and secretary, respectively, and as directors, of the corporation, breached their fiduciary obligations to the corporation in appropriating for themselves the corporate opportunity of acquiring the Plastisign business.''

We find, in examining this question, that the weight of the evidence supports the finding and report of the Master Commissioner that ''Robert Carroll, Edward Pape and Harry Luegering were president, vice president and secretary [respectively] of the Lackner Custom Sign Service Company when they personally acquired Plastisign. They also constituted at least one-half of Lackner's board of directors. When they purchased Plastisign, they knew that most of Lackner's business was in plastics. Lackner's sales manager, Lewis Claxton, informed Mr. Carroll that Plastisign should be acquired by Lackner because it was necessary, and, moreover, would be a profitable acquisition. That it was profitable is beyond doubt. These officers, directors and holders of a majority of the Lackner corporation's stock, did not advise Lackner of the opportunity to acquire Plastisign. Lackner was financially able to purchase Plastisign. Carroll, Pape and Luegering occupied the position of 'insiders' insofar as Lackner was concerned. The knowledge of Plastisign's availability came to them as officers of Lackner. These three men occupied a fiduciary relationship to Lackner by virtue of their offices, and by virtue of the fact that they were the dominant shareholders of Lackner.''

It is a general rule in equity jurisprudence that officers and directors of a corporation, who acquire knowledge and information, in their fiduciary capacity, of investment or other business opportunity, in the line of their corporation's business, cannot appropriate the opportunity of financial or business gain for themselves as individuals, if the opportunity would be advantageous to their corporation and the corporation is financially able to accept the opportunity and make the advantageous acquisition. Where corporation officers fail as fiduciaries to protect the interests of their corporation, and are found to have appropriated a corporate opportunity to their own personal

gain, such officers may be required to transfer, to the corporation, the opportunity of which they have personally taken advantage, and account to the corporation for their inequitable profits.

It is our purpose to apply this rule to the facts as we find them to be, and, in consequence thereof, to order that the Lackner Custom Sign Service Company shall be awarded the business entity operating under the name "Plastisign Suppliers Company" and controlled by Edward M. Pape, Robert E. Carroll, Harry Luegering and Louis Claxton, and that a full accounting be made to the Lackner Custom Sign Service Company from the date of the acquisition of the business of Plastisign Suppliers Company. It will be further ordered that Edward M. Pape, Robert E. Carroll and Harry Luegering be reimbursed for the monies and property spent by them for the acquisition of the business here under discussion.

From the foregoing it is obvious that this court has reached the same conclusion as did the Court of Common Pleas.

*Judgment accordingly.*

HUNSICKER, P. J., and YOUNGER, J., concur.

HUNSICKER, P. J., and DOYLE, J., of the Ninth Appellate District, and YOUNGER, J., of the Third Appellate District, sitting by designation in the First Appellate District.