FRANK LERNER AND ASSOCIATES, INC. et al., Appellees,

v.

VASSY et al., Appellants.

[Cite as *Frank Lerner & Assoc., Inc. v. Vassy* (1991), 74 Ohio App.3d 537.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–1214.

Decided June 13, 1991.

538

*Ball, Noga & Tanoury* and *Ronald B. Noga*, for appellees.

*Bricker & Eckler, Richard D. Rogovin* and *Tod H. Friedman*, for appellants.

PEGGY BRYANT, Judge.

Defendants-appellants, Louis Vassy and E. Koo Choe, appeal from a judgment of the Franklin County Court of Common Pleas granting judgment in favor of plaintiffs-appellees, Frank Lerner and Associates, Inc. ("FLA"), Frank Lerner, Samuel Portman, and Craig Lerner.

The facts as found by the referee in the trial court indicate that Frank Lerner, Portman, Craig Lerner, Vassy, and Koo Choe are the sole shareholders in and directors of FLA, an Ohio corporation engaged in producing advertising and promotional materials. Together, the individual plaintiffs hold a majority interest in the corporation.

Frank and Craig Lerner are officers of the corporation. They also were involved in its day-to-day operations: Frank served as FLA's creative force and Craig was its primary salesman, although neither had an employment contract with FLA.

At the time this dispute arose, FLA had a credit line of $150,000 from Merchants & Marine Bank ("bank"), secured by a demand note signed by FLA and all shareholders except for Craig Lerner. Defendants became dissatisfied with the majority shareholders' decisions regarding such matters as executive compensation and plans to expand the business; hence, they notified the bank on April 19, 1989 that they would not be responsible for future draws against the line of credit. The bank not only stopped further draws on the account, but also demanded payment of the $70,000 already drawn.

The individual plaintiffs did not seek financing from any other source after the bank canceled FLA's line of credit. Instead, they formed a new Ohio corporation, Lerner et al., Inc. ("LEA"), which commenced business on May 12, 1989. LEA operated from premises leased and previously occupied by FLA; it took over all the assets, accounts, and substantially all of the employees of FLA; it engaged in the same type of advertising and promotional work as FLA; and it received payment for at least two projects that had been performed by FLA. Essentially, but for changes in its name and the identities of its shareholders, who consisted of the individual plaintiffs herein and Steve Lerner, LEA was a continuation of FLA. Frank Lerner and Portman personally guaranteed the credit line LEA obtained.

Plaintiffs brought suit against defendants, alleging breach of fiduciary duty and breach of contract based upon defendants' termination of their liability for future draws against FLA's line of credit. Defendants brought counterclaims on behalf of FLA against plaintiffs and an added party, LEA, alleging breach of fiduciary duty based on appropriation of FLA's business opportunities; defendants later added Vassy's claim for contribution.

The case was tried to a referee, who found that both plaintiffs and defendants had breached fiduciary duties, and that defendant Vassy was entitled to contribution. The trial court modified the referee's report, finding that plaintiffs breached no fiduciary duty, and that defendants' breach of fiduciary duty estopped them from recovering their share of the value of the corporation.

Defendants appeal therefrom, assigning the following errors:

"A. The court erred in failing to make an independent analysis of the issues on hearing the objection to the referee's report.

"B. The court erred in finding that appellants breached their fiduciary duty.

"C. The court erred in awarding judgment to appellees in the amount of $27,000.

"D. The court erred in finding that appellants are estopped from asserting their claims.

"E. The court erred in finding that appellees did not breach their fiduciary duty to the corporation.

"F. The court erred in failing to award appellants judgment on their counterclaim for the lost value of their shares in Frank Lerner and Associates, Inc.

"G. The court erred in failing to award Louis Vassy judgment against appellees Frank Lerner, Samuel Portman and Lerner, et al., for sixty percent of the bank loan, plus interest from the date of payment.

"H. (Alternative) The court erred in failing to award appellant Louis Vassy judgment against appellees, Frank Lerner, Craig Lerner, and Samuel Portman in proportion to their share ownership, plus interest.

"I. The court erred in awarding appellant Louis Vassy $18,888.20 against appellant E. Koo Choe.

"J. The court erred in failing to award appellants judgment for punitive damages and attorney fees.

"K. The judgment of the court is against the manifest weight of the evidence."

Plaintiffs cross-appeal, assigning the following errors:

"1. The trial court erred in failing to apply the doctrine of estoppel to deny appellant Vassy contribution.

"2. The trial court erred in not awarding punitive damages to appellees, Dr. Samuel Portman, Frank Lerner and Craig Lerner."

██ Preliminarily, we note that Civ.R. 53(E)(6) permits the trial court to adopt any finding of fact in the referee's report unless the party who objects to that finding properly supports its objection with a transcript of the referee's hearing, or a supporting affidavit if no transcript is available. See *Purpura v. Purpura* (1986), 33 Ohio App.3d 237, 515 N.E.2d 27. While defendants filed an affidavit with the trial court regarding the referee's findings, the affidavit, even if appropriate due to the transcript being "unavailable," was insufficient as it merely states that the facts argued in defendants' objections to the referee's report are correct. Hence, despite objections to the referee's findings of fact, since the trial court adopted the

referee's findings in the absence of a transcript or affidavit, our review of the case on appeal is premised on the referee's findings of fact adopted by the trial court. *Stearns v. Stearns* (Dec. 11, 1990), Franklin App. No. 90AP–785, unreported, 1990 WL 204808; cf. *Proctor v. Proctor* (1988), 48 Ohio App.3d 55, 63, 548 N.E.2d 287, 295.

Addressing defendants' assignments of error, we first consider defendants' second and third assignments of error together, as both challenge the trial court's finding that defendants breached a fiduciary duty to FLA by terminating their obligation to guarantee further draws against FLA's line of credit. The trial court apparently predicated liability upon breach of a corporate director's fiduciary duty pursuant to R.C. 1701.59(B), finding that it was "possible" to conclude that defendants' actions were "not prudent" and were "injurious to the corporation."

■ R.C. 1701.59(B) requires that a director perform his duties as a director " * * * in good faith, in a manner he reasonably believes to be in or not opposed to the best interests of the corporation, and with the care that an ordinarily prudent person in a like position would use under similar circumstances. * * * " See, also, *Wing Leasing, Inc. v. M & B Aviation, Inc.* (1988), 44 Ohio App.3d 178, 181–182, 542 N.E.2d 671, 675–676.

The foregoing standard of care arguably does not apply to the actions of defendants herein, as the standard of care applies only to actions taken by corporate directors in their capacities as directors. See R.C. 1701.59(F). Specifically, a director who provides surety for a corporate obligation has no duty to continue such an obligation indefinitely, absent an express agreement to the contrary, as a director has no duty to use personal funds to assist the corporation. *Urban J. Alexander Co. v. Trinkle* (1949), 311 Ky. 635, 641, 224 S.W.2d 923, 927; *Hart v. Bell* (1946), 222 Minn. 69, 81, 23 N.W.2d 375, 382. The trial court having found no express agreement to remain liable upon the demand note, defendants had no duty to remain liable thereon.

■ Even if R.C. 1701.59(B) applies to defendants' actions, the trial court failed to properly apply the standard set forth in the statute when it imposed liability upon defendants. The trial court found no lack of good faith in defendants' actions in terminating the liability on the note; that defendants neither intended nor expected that FLA would be harmed by their attempt to limit their personal liability on FLA's line of credit; and that, although FLA's then-new banker canceled the line of credit and called the note, FLA's former banker, who was familiar with the parties to the note and with FLA, would not have canceled the line of credit and called the note based upon defendants' actions. These factual findings provide no basis for the trial court's conclu-

sion that defendants did not satisfy the standard of care of a corporate director; thus, the trial court erred in concluding that defendants breached their fiduciary duty under R.C. 1701.59(B).

■ Moreover, a breach of duty as a director under R.C. 1701.59(B) gives rise to an award of money damages only if clear and convincing evidence establishes that the director acted with deliberate intent to injure the corporation or with reckless disregard for the corporation's best interests. R.C. 1701.59(D). The trial court having found that defendants neither intended nor expected that FLA would be harmed by their actions, the factual findings of the trial court do not support an award of money damages against defendants for breach of their duty as directors.

■ Having determined that defendants breached no duty as directors, plaintiffs argue that defendants nevertheless may be liable to plaintiffs for breach of duty as shareholders in a close corporation. A fiduciary duty typically is imposed upon controlling shareholders in a close corporation to prevent oppression of minority shareholders. See, *e.g., Crosby v. Beam* (1989), 47 Ohio St.3d 105, 548 N.E.2d 217, paragraph three of the syllabus; *Estate of Schroer v. Stamco Supply, Inc.* (1984), 19 Ohio App.3d 34, 40, 19 OBR 100, 105, 482 N.E.2d 975, 981. Although defendants are not majority shareholders in FLA, imposing a fiduciary duty upon them as minority shareholders arguably may be appropriate under the circumstances herein, because the actions of the minority shareholders relative to the credit line have a controlling effect upon the corporation. See Hetherington, The Minority's Duty of Loyalty in Close Corporations (1972), Duke L.J. 921, 946. Additionally, in a close corporation such as FLA in which shareholders may join in various combinations to create different majority blocs, the wrongfulness of a shareholder's actions may be better determined by applying a single standard of care, rather than by the number of shareholders who join in a given action.

■ When a fiduciary duty is imposed upon shareholders in a close corporation, they owe to their fellow shareholders essentially the duty of partners, to deal in the utmost good faith. *Schroer, supra;* see, also, *Crosby, supra,* 47 Ohio St.3d at 108, 548 N.E.2d at 220. The trial court found no lack of good faith in defendants' actions in terminating their liability for future draws on FLA's line of credit. Thus, even if we impose a fiduciary duty upon defendants as shareholders in a close corporation, defendants did not breach that duty.

Accordingly, we sustain defendants' second and third assignments of error.

.

Defendants' fourth assignment of error contends that the trial court erred in finding that defendants were estopped by their breach of fiduciary duty from asserting their claims against plaintiffs. Since we have determined that defendants breached no fiduciary duty to plaintiffs, no bar exists to defendants' assertion of their claims. We therefore sustain defendants' fourth assignment of error.

■  Although we agree with the trial court's determination that plaintiffs had no duty to seek other sources of credit after the bank terminated FLA's line of credit, based on the trial court's factual findings we do not agree that plaintiffs breached no duty to FLA. Like defendants, the individual plaintiffs are directors of FLA. As directors, the individual plaintiffs owe FLA the same fiduciary duties as those previously applied to defendants. Among those, plaintiffs have a duty as directors, pursuant to R.C. 1701.59(B), to act in a manner reasonably believed to be in or not opposed to the best interests of the corporation. Applied herein, this duty precludes plaintiffs from appropriating corporate opportunities from FLA. *Wing Leasing, supra.*

The trial court determined that plaintiffs' new corporation, LEA, was essentially a continuation of FLA, using FLA's assets and employees to perform substantially the same kind of work as FLA. Plaintiffs contend, however, that their appropriation of business opportunities which FLA otherwise would have acquired breached no duty to FLA, because FLA was financially unable to take advantage of these opportunities after its credit line was terminated.

■  The trial court found that plaintiffs failed to seek other sources of credit for FLA after its credit line was terminated. FLA's financial inability therefore was due, in part, to plaintiffs' failure to seek other sources of credit for FLA. While plaintiffs had no duty to seek other sources of credit for FLA, they nevertheless cannot rely on FLA's financial inability to justify their appropriation of FLA's corporate opportunities when they made no effort to cure this deficiency. See *Ellzey v. Fyr-Pruf, Inc.* (Miss.1979), 376 So.2d 1328, 1334.

■  Plaintiffs further contend that they breached no duty to FLA in forming LEA, because neither Frank Lerner nor Craig Lerner had an employment contract obligating him to continue working for FLA or restricting his ability to work for a competitor of FLA. However, the liability of the individual plaintiffs herein arises from breach of their statutory duty as directors of FLA, not from breach of any employment contract with FLA. Regardless of whether the Lerners were free to work for a competitor of

FLA, the individual plaintiffs-directors breached their duty to FLA by usurping FLA's corporate opportunities.

Having determined that the individual plaintiffs breached their fiduciary duty to FLA, we sustain defendants' fifth assignment of error.

■■■ Defendants' sixth assignment of error asserts that the trial court erred in failing to award judgment on their counterclaim for the lost value of their shares in FLA. Generally, and consistent with the derivative aspects of defendants' claim, fiduciaries who have wrongfully appropriated a corporate opportunity must transfer that opportunity back to the corporation harmed thereby, and account to the corporation for the profits earned therefrom. See, *e.g.*, *Hubbard v. Pape* (1964), 2 Ohio App.2d 326, 330, 31 O.O.2d 475, 477, 203 N.E.2d 365, 368. Accordingly, having determined that the individual plaintiffs breached their fiduciary duty to FLA, we also find that the trial court erred in failing to order plaintiffs to transfer to FLA the corporate opportunities and assets of FLA that LEA appropriated, and to account to FLA for the profits earned by LEA therefrom. The amount of LEA's profits must be determined on remand, as the trial court has made no such determination.

However, having recognized that the foregoing remedy leaves FLA's damages under the control of the majority shareholders in FLA, see *Crosby*, *supra*, 47 Ohio St.3d at 109, 548 N.E.2d at 221, defendants seek damages based on the value of their shares in FLA, which they ask to be paid to them individually. Liberally construing defendants' counterclaim to include a claim for judicial dissolution of FLA pursuant to R.C. 1701.91(A)(2)(c) or (A)(3), we note that the trial court must determine whether the foregoing requirements for judicial dissolution have been met; and, if so, the trial court must proceed with winding up FLA pursuant to R.C. 1701.91(D). Although this remedy permits plaintiffs to share in FLA's assets despite their breach of duty, such a result is not unreasonable, because plaintiffs' operation and financing of LEA generated a portion of these assets. Cf. *Crosby*, *supra*. If the requirements for judicial dissolution have not been met, the trial court must determine whether defendants are entitled to relief in their individual capacities pursuant to *Crosby*, the trial court having not yet determined such issues in the first instance for our review.

■■■ The parties do not dispute that FLA, Vassy, Koo Choe, Frank Lerner, and Portman were jointly and severally liable to the bank on the demand note which financed FLA's line of credit. The trial court found that the individual plaintiffs signed the note "on behalf of the corporation," indicating that, as between the makers of the note, the individual shareholders were sureties for

FLA. When the debtors failed to satisfy the bank's demand for payment of the note, the bank attached Vassy's bank account.

An implied contract of indemnity exists between a surety and a principal debtor entitling a surety who satisfies an obligation of the principal debtor to reimbursement from the principal debtor of the full amount the surety has paid. *Gholson v. Savin* (1941), 137 Ohio St. 551, 556, 19 O.O. 309, 311, 31 N.E.2d 858, 861; see, also, *Worth v. Aetna Cas. & Sur. Co.* (1987), 32 Ohio St.3d 238, 240, 513 N.E.2d 253, 255. Having satisfied FLA's obligation on the demand note, Vassy is entitled to reimbursement from FLA of the full amount he has paid.

A surety is also entitled to contribution from his co-sureties to the extent that he has paid more than his share of their common obligation. See *Travelers Indemn. Co. v. Trowbridge* (1975), 41 Ohio St.2d 11, 13–14, 70 O.O.2d 6, 7–8, 321 N.E.2d 787, 788–789; *Camp v. Bostwick* (1870), 20 Ohio St. 337, paragraph five of the syllabus. Thus, Vassy is entitled to contribution from his co-sureties to the extent that, after reimbursement from FLA, Vassy's payment on the note exceeds his share of the obligation. The trial court found no express agreement as to contribution; thus, the court awarded Vassy contribution from Frank Lerner, Portman, and Koo Choe, in equal proportions, see *Murbach v. Ingersoll* (App.1939), 32 Ohio Law Abs. 410, 412, but not from Craig Lerner or LEA because neither was a party to the demand note.

However, the trial court erred in adopting the referee's finding that no express agreement existed regarding contribution, because, pursuant to Civ.R. 8(D), the pleadings established such an agreement: plaintiffs admitted the allegation in defendants' counterclaim that Frank Lerner, Portman, Craig Lerner, Vassy, and Koo Choe agreed to be liable upon the demand note in proportion to their share interests if FLA did not satisfy this obligation. The trial court further erred in failing to base Vassy's award of contribution upon the express agreement of the parties as to contribution. Accordingly, we modify the trial court's award of contribution to Vassy, determining that, to the extent that Vassy's payment on the note exceeds his proportionate share, Frank Lerner, Craig Lerner, and Portman each are liable to Vassy, in proportion to their share ownership in FLA, plus interest thereupon.

We agree with the trial court's determination that LEA is not liable to Vassy for contribution, as LEA was not a party to the express agreement regarding contribution. We also decline to impose liability upon LEA as a successor to FLA, having already determined that LEA is required to disgorge its profits to FLA.

We sustain defendants' sixth, seventh and eighth assignments of error to the extent noted above, but overrule these assignments of error to the extent that defendants sought relief against LEA.

Defendants' ninth assignment of error asserts that the trial court erred in awarding Vassy contribution from his codefendant, Koo Choe. Although the trial court would not have erred in finding Koo Choe liable for contribution had Vassy sought such relief, Vassy brought no cross-claim against Koo Choe; the court therefore erred in awarding Vassy relief against Koo Choe. Consequently, we sustain defendants' ninth assignment of error.

We consider defendants' tenth and eleventh assignments of error together inasmuch as both challenge the trial court's adoption of the referee's findings of fact. Defendants' tenth assignment of error asserts that the trial court erred in failing to award punitive damages and attorney fees. The trial court found that the evidence did not support an award of punitive damages; this finding also determines defendants' request for an award of attorney fees, as their asserted entitlement thereto was predicated solely upon the propriety of a punitive damages award. Defendants' eleventh assignment of error asserts that the judgment of the trial court was against the manifest weight of the evidence.

As noted above, defendants timely raised the foregoing objections in the trial court to the referee's findings of fact, but submitted no transcript in support of their objections, relying instead upon an affidavit stating that the facts presented in their proposed findings of fact and objections to the referee's report accurately reflected evidence presented to the referee. However, defendants' submission of a transcript for our review suggests that a transcript was not unavailable, and that defendants' use of a supporting affidavit did not satisfy Civ.R. 53(E)(6). Furthermore, even if a transcript was unavailable, defendants' affidavit was inadequate, because it failed to include all relevant evidence presented to the referee on the matters disputed. *Pappenhagen v. Payne* (1988), 48 Ohio App.3d 176, 178, 549 N.E.2d 208, 210. Defendants having failed properly to support their objections to the referee's findings, no basis exists for our review of the trial court's adoption of such findings. *Stearns, supra.* Accordingly, we overrule defendants' tenth and eleventh assignments of error.

Finally, defendants' first assignment of error asserts that the trial court erred in failing to make an independent analysis of the issues on hearing the objections to the referee's report. Defendants' Statement of Proceedings, submitted pursuant to App.R. 9(C), indicates that after an oral hearing on the objections, the trial court ordered both parties to prepare a proposed entry and indicated that the court would approve one of these entries. Although

defendants contend that the trial court made no independent analysis of the issues under the foregoing circumstances, they essentially challenge the trial court's findings of fact that were not based upon the referee's findings, as the court heard no new evidence and no transcript was provided for the court's review. Specifically, defendants object to the trial court's findings that Portman's signature was a prerequisite to FLA obtaining new credit, and that plaintiffs incurred damages in the amount claimed.

While the trial court erred to the extent that it adopted findings of fact which are not found in the referee's report, defendants were not prejudiced thereby: the disputed findings are immaterial in light of our conclusions herein that plaintiffs had no duty to secure new credit for FLA and that defendants breached no duty to plaintiffs. Accordingly, we overrule defendants' first assignment of error.

On cross-appeal, plaintiffs' first assignment of error asserts that the trial court erred in failing to apply the doctrine of estoppel to deny Vassy contribution, while plaintiffs' second assignment of error asserts that the trial court erred in failing to award them punitive damages. Since we have determined that defendants breached no duty herein, no basis exists for either applying the doctrine of estoppel to deny Vassy contribution or awarding punitive damages to plaintiffs. Accordingly, we overrule plaintiffs' first and second assignments of error.

Having sustained defendants' second, third, fourth, fifth, sixth, and ninth assignments of error, having sustained in part and overruled in part defendants' seventh and eighth assignments of error, and having overruled defendants' first, tenth, and eleventh assignments of error and plaintiffs' two cross-assignments of error, we reverse the judgment of the trial court and remand this cause for further proceedings consistent herewith.

*Judgment reversed*
*and cause remanded.*

McCORMAC and HOOPER, JJ., concur.

JAMES J. HOOPER, J., retired, of the Miami County Common Pleas Court, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.