**Pierre CALEPET, Plaintiff–Appellee,**

v.

**ERICO HOLDING COMPANY,**
**Defendant–Appellant.**

No. 01–4072.

United States Court of Appeals,
Sixth Circuit.

Feb. 12, 2003.

BEFORE: DAUGHTREY and COLE, Circuit Judges, and SARGUS, District Judge.*

**OPINION**

PER CURIAM.

Plaintiff Pierre Calepet, a citizen of Belgium, sued defendant Erico Holding Company, an Ohio corporation, in the United States District Court for the Northern District of Ohio seeking to collect monies allegedly due on a debenture and redeemed shares of Erico Holding Company stock. Erico Holding Company answered Calepet's lawsuit raising common law counterclaims of breach of fiduciary duty, fraud, breach of contract, unjust enrichment, misappropriation of trade secrets, and conversion, alleging that Calepet engaged in fraud and self-dealing during his

* The Honorable Edmund A. Sargus, United States District Judge for the Southern District of Ohio, sitting by designation.

employment by one of its European subsidiaries.

Erico Holding Company is a closely held Ohio corporation with its principal place of business in Solon, Ohio. Through a series of wholly owned direct and indirect subsidiaries, Erico Holding Company is involved in the manufacture and marketing of certain industrial products internationally. In 1988, Calepet entered into an employment contract with one of Erico Holding Company's indirectly owned foreign subsidiaries, Erico Europa B.V., as holding company and representative of other foreign subsidiaries known collectively as Erico in the Benelux. Calepet was appointed General Manager for Erico in the Benelux and, in that capacity, developed the Preton Project, a project intended to help the company break into new construction markets in Europe. In 1997, after the managers of Erico Europa B.V. decided to terminate the Preton Project and sell it to a competitor, Calepet left to work for the competitor.

As a manager of Erico in the Benelux, Calepet was permitted to purchase certain securities from his employer's ultimate parent corporation, Erico Holding Company. In particular, Calepet obtained the debenture and, pursuant to two shareholder agreements, the two hundred shares of Erico Holding Company stock at issue in this case. When he left for the competitor company, Calepet sought payment of the debenture and offered the two hundred shares of stock to Erico Holding Company for repurchase pursuant to the shareholder agreements. Erico Holding Company accepted this offer, but never actually repurchased the shares. Soon thereafter, Erico Holding Company also stopped making payments on the debenture. Calepet's cause of action arises out of the agreements relating to these securities.

Erico Holding Company's counterclaims arise from the claim that Calepet breached contractual and fiduciary duties owed to it, and committed various torts against it, when he negotiated the sale of the Preton Project and ultimately went to work for a competitor. Erico Holding Company claims that the district court had jurisdiction over these counterclaims either because Erico Holding Company's foreign subsidiaries assigned their rights to Erico Holding Company, the claims are properly asserted by Erico Holding Company in its own right, or supplemental jurisdiction is appropriate.

The district court concluded that it lacked jurisdiction to consider Erico Holding Company's counterclaims. Erico Holding Company now appeals claiming, as it did in the district court, that: (1) the district court had subject matter jurisdiction over claims for breach of fiduciary duty, fraud, unjust enrichment, and breach of employment contract, asserted by Erico Holding Company in its own right; (2) the district court had subject matter jurisdiction over claims assigned to Erico Holding Company by its subsidiaries; (3) the district court erred in refusing to exercise supplemental jurisdiction because the district court had diversity jurisdiction over the assigned claims and those claims arise out of the same case or controversy; and (4) the district court erred in finding that *forum non conveniens* constituted an independent basis for dismissal.

After carefully reviewing the record, the applicable law, and the parties' briefs, we are convinced that the district court did not err. The district court's opinion correctly sets out the law governing the issues raised in this case and clearly articulates the reasons underlying its decision. Therefore, we AFFIRM the district court's partial judgment for the reasons

described in the thorough and well-reasoned opinion of that court.

We find it prudent, however, to briefly address Erico Holding Company's argument that whether a confidential fiduciary relationship exists under Ohio law is a question of fact dependent upon the circumstances of each case. The district court ruled that Calepet, as a minority shareholder of a close corporation, owes no fiduciary duty either to the corporation or other shareholders. While Erico Holding Company is correct that, under certain circumstances, Ohio courts have placed a heightened fiduciary duty on minority shareholders, *see Frank Lerner & Assocs. v. Vassy,* 74 Ohio App.3d 537, 599 N.E.2d 734, 738 (1991), the inquiry into whether there exists such a heightened fiduciary duty or any duty at all turns on whether that individual "so dominated the corporation that he or she can be said to have been in control to the exclusion of the other." *See Morrison v. Gugle,* 142 Ohio App.3d 244, 755 N.E.2d 404, 412 (2001). In this case, no facts have been alleged that would support a finding that Calepet was in a position to dominate Erico Holding Company or to exclude other shareholders. Accordingly, no jury could reasonably conclude that Calepet owed a fiduciary duty to Erico Holding Company by virtue of his stock ownership.