JOURNAL ENTRY AND OPINION
{¶ 1} Marriott Corporation ("Marriott") appeals the decision of the trial court to grant motions for summary judgment in favor of all defendants. Marriott argues that the trial court abused its discretion in granting the motions for summary judgment, in overruling motions to strike two affidavits, and by overruling Marriott's motion for leave to amend its complaint instanter. (Emphasis added.) For the following reasons, we affirm.
 {¶ 2} Rebecca Lerew ("Lerew") worked as a planner in the trade show industry, specializing in plastics, for over twenty years. In the mid-1990's, Lerew started her own company, The Traverse Lerew Group, ("TLG"), to run and produce her own plastic trade shows. Lerew acted as president and sole officer, shareholder, and director of TLG.
 {¶ 3} In conjunction with planning for a plastics industry trade show in Philadelphia, Pennsylvania, TLG entered into a contract with the Philadelphia Marriott Downtown Hotel on January 19, 1998. The contract reserved a block of 1,560 rooms at Marriott's hotel. As president of TLG, Lerew signed the contract but did not personally guarantee the document. On February 9, 1998, Lerew hired Kim Patrick ("Patrick") to act as TLG's director of operations. Patrick never served as a director, officer or shareholder, and did not sign the January 19, 1998 contract.
 {¶ 4} The contract between TLG and Marriott contained an attrition or "slippage" provision whereby TLG would be responsible for any rooms that were not used. Prior to the contract's cut-off date, TLG contacted Marriott about reducing the number of rooms due to a lack of reservations. Not all rooms reserved under the contract were used and on April 14, 1998, Marriott sent an invoice to TLG seeking $202,791 under the contract.
 {¶ 5} On August 14, 1998, Marriott filed an action against TLG in Cuyahoga County Common Pleas Court, case number 98-361409, seeking recovery on the contract. During the discovery period, Marriott deposed Patrick, Lerew, and Louise Bouhasin ("Bouhasin"), a third employee of TLG. However, prior to achieving resolution on the case, TLG filed a Chapter 7 bankruptcy petition with the U.S. Bankruptcy Court of the Northern District of Ohio on May 12, 1999, staying case number 361409. In its petition, TLG listed Marriott as a creditor and also listed Marriott's counsel on the bankruptcy service list. On June 16, 1999, the bankruptcy trustee filed a "Report of Trustee in Non-Asset Case", which stated in pertinent part, "there is no property available for distribution from the estate over and above that exempted by law." On January 19, 2000, the bankruptcy court issued a final decree discharging TLG's debts, included TLG's debt to Marriott, and closed TLG's bankruptcy. Marriott never filed an objection or an adversary proceeding in the TLG bankruptcy. Patrick had no involvement in TLG's bankruptcy proceedings or in the payment of TLG creditors. The Common Pleas Court never reactivated case 361409.
 {¶ 6} In January 1999, Adams Business Media ("ABM") hired Lerew, Patrick, and Bouhasin in an effort to launch a plastics trade show division. During the depositions taken by Marriott in conjunction with case 361409, Patrick and Bouhasin testified that certain items from TLG were brought to ABM. Specifically, they testified that they brought trade show exhibitor information, exhibitor contracts, and exhibitor lists to ABM. Lerew and Elia Beeken, Lerew's immediate supervisor at ABM, later testified during deposition that information contained in exhibitor manuals and exhibitor lists is, in fact, public information.
 {¶ 7} After acquiring its new employees, ABM planned and produced plastic trade shows in Atlanta and in Cincinnati. Both shows were failures resulting in losses by ABM of approximately $190,000. In May 2000, ABM terminated Lerew, Patrick, and Bouhasin.
 {¶ 8} On April 20, 2000, Marriott filed the case captioned MarriottCorporation v. Rebecca Lerew, et al., Cuyahoga County Common PleasCourt, Case No. 00-406641, seeking recovery from Lerew, Patrick, and Bouhasin. The complaint sought, among other things, conversion of TLG assets and fraud. All three defendants filed an answer and Bouhasin asserted a counterclaim. On October 29, 2001, Marriot voluntarily dismissed the claims against Lerew and Patrick without prejudice. On that same day, Marriott and Bouhasin dismissed their claims against each other, with prejudice.
 {¶ 9} On October 18, 2002, Marriott filed a cause of action against Lerew and Patrick asserting the following causes of action: conspiracy to commit fraud, fraud, conversion, and negligence. On June 2, 2003, Marriott filed an amended complaint naming ABM as an additional defendant and asserting all four causes of action against each of the three named defendants.
 {¶ 10} On February 27, 2004, Patrick, Lerew, and ABM filed separate motions for summary judgment. After several motions for extension of time, Marriott filed its brief in opposition. On July 1, 2004, the trial court conducted a final pretrial and set a trial date of August 13, 2004. On July 15, 2004, Marriott filed a motion for leave to file a second amended complaint, instanter, which proposed to add a fifth cause of action for spoliation. The trial court denied the motion on August 9, 2004. Marriott filed a motion to strike the affidavits of Gerald Winkel and Lerew that the trial court also denied.
 {¶ 11} On September 7, 2004, Marriott filed a complaint captionedMarriott International Inc v. Rebecca Lerew, et al., in the Cuyahoga County Common Pleas Court, Case Number 542212. The complaint named Lerew, Patrick, and ABM as defendants and alleged the following causes of action: conspiracy to commit fraud, fraud, conversion, negligence, and spoliation. Marriott then filed a motion to consolidate case 542212 with lower case 484551 because "case No. 542212 is essentially the same in its entirety except for the additional count regarding spoliation." On October 15, 2004, the trial court denied Marriott's motion to consolidate.
 {¶ 12} On November 1, 2004, the trial court granted all three defendants' motions for summary judgment. Marriott appealed, raising the three assignments of error contained in the appendix to this opinion. All three defendants filed motions for sanctions against Marriott and/or its counsel. The trial court stayed all motions pending the outcome of this appeal.
 {¶ 13} On December 6, 2004, the trial court in case 542212 dismissed Marriott's claims of conspiracy to commit fraud, fraud, conversion, and negligence because they were essentially the same as the claims dismissed by the trial court in 484551. Case 542212 remains pending as to the spoliation claim.
 {¶ 14} In its first assignment of error, Marriott argues that the trial court erred in granting all three defendants' motions for summary judgment because there exists genuine issues of material fact. We disagree.
 {¶ 15} Appellate review of summary judgment is de novo, not abuse of discretion as argued by Marriott. Grafton v. Ohio Edison Co.,
77 Ohio St.3d 102, 105, 1996-Ohio-336. In Zivich v. Mentor Soccer Club,
82 Ohio St.3d 367, 369-370, 1998-Ohio-389, the Ohio Supreme Court set forth the appropriate test as follows:
"Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp., 73 Ohio St. 3d 679, 1995-Ohio-286, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v.Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107."
 {¶ 16} Once the moving party satisfies their burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Mootispaw v. Eckstein,76 Ohio St.3d 383, 385, 1996-Ohio-389. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg, 65 Ohio St.3d 356, 358-359,1992-Ohio-95.
 {¶ 17} For the purposes of this opinion, and in accordance with Ohio's choice of law, we find Ohio's laws to be controlling on the issues contained herein. Morever, we note that this issue is not in contention and appellee ABM has waived any argument that Pennsylvania law applies by stating "it makes no difference whether the court reviews Ohio or Pennsylvania precedent since the elements of fraud are the same in both jurisdictions."
 {¶ 18} In its claim for fraud, Marriott argues that Lerew and Patrick defrauded Marriott by entering into the contract without ever intending to pay, and that ABM defrauded Marriott by accepting assets of TLG from Lerew and Patrick without compensation and/or in exchange for employment.
 {¶ 19} To establish a cause of action for fraud, a plaintiff must show "(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justified reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." Gaines v.Preterm-Cleveland, Inc. (1987) 33 Ohio St.3d 54, 55. Marriot must demonstrate each element or a cause of action for fraud will not stand.Duman v. Campbell (May 9, 2002) Cuyahoga Cty. App. No. 79858, 2002-Ohio-2253.
 {¶ 20} Here, Marriott cannot meet the first requirement to establish fraud. A review of the evidence in the record demonstrates that no reasonable person could conclude that Lerew, Patrick, or ABM misrepresented a material fact to Marriott. Patrick, ABM, and Lerew, through incorporation of Patrick and ABM's arguments, each established that neither they, nor any other entity, ever represented to Marriott that they would be liable for any debt incurred. TLG and Marriott entered into the contract in question. Lerew signed the contract as President of TLG, not in a personal capacity. Patrick did not sign the contract and ABM did not employ either Lerew or Patrick at the time TLG entered into the contract. Therefore, Lerew, Patrick, and ABM have demonstrated the absence of any genuine issue of material fact relating to fraud.
 {¶ 21} In response, Marriott has failed to demonstrate specific facts showing that there is a genuine issue for trial. Marriott merely alleges that Lerew and Patrick never intended to pay Marriott for the lodging services. Marriott does not support this allegation by evidence in any form. Moreover, with respect to the claim against ABM, Marriott merely alleges that Lerew and Patrick "provided information and business materials as well as the Atlanta and Cincinnati Plastics Trade Shows to ABM without compensating TLG for its loss * * *" Marriott does not explain how these actions constitute fraud on the part of ABM. "A party may not rest upon the mere allegations or denials of the party's pleadings * * *." Marriott has simply alleged fraud without proving any of the elements. Specifically, Marriott has failed to demonstrate specific facts showing this court that Patrick, Lerew, and ABM misrepresented a material fact. Accordingly, we find that the trial court properly granted Lerew, Patrick, and ABM's motions for summary judgment as to the claim of fraud.
 {¶ 22} Marriott also alleges that Lerew, Patrick, and ABM engaged in a civil conspiracy to commit fraud against Marriott by transferring assets to ABM in exchange for employment.
 {¶ 23} Civil conspiracy is a "malicious combination of two or more persons to injure another person or property, in a way not competent for one alone, resulting in actual damages." Kenty v. TransAmerica PremiumInsurance Co., 72 Ohio St.3d 415, 419, 1995-Ohio-61 (Citations omitted.) In order to prove civil conspiracy, there has to be an underlying unlawful act. Minarik v. Nagy (1963), 8 Ohio App.2d 194.
 {¶ 24} Here, there can be no cause of action for conspiracy to commit fraud, because there is no underlying unlawful act. Marriott cannot prove conspiracy to commit fraud without first proving fraud, the underlying unlawful act. We have previously found the absence of any genuine issue of material fact, and that the trial court properly granted Lerew, Patrick, and ABM's motions for summary judgment on the claim of fraud. Accordingly, the trial court also properly granted all three motions for summary judgment as they relate to the claim of conspiracy to commit fraud.
 {¶ 25} In its third cause of action, Marriott argues that Patrick and Lerew converted "crucial business information, trade show business, and things from TLG and provided it to ABM for their benefit without compensating TLG." The property at issue in this claim of conversion is office supplies from TLG, exhibitor lists, and the Atlanta and Cincinnati plastic trade shows.
 {¶ 26} Conversion is defined as "a wrongful exercise of dominion over property in exclusion of the right of the owner, or withholding it from his possession under a claim inconsistent with his rights." HaulTransport of VA, Inc., v. Morgan (June 2, 1995), Montgomery Cty. Case No. CA14895, 1995 Ohio App. LEXIS 2240. To support a claim for conversion, a plaintiff must demonstrate "(1) plaintiff's ownership or right to possession of the property at the time of the conversion; (2) defendant's conversion by a wrongful act or disposition of plaintiff's property rights; and (3) damages." Haul Transport, at 9.
 {¶ 27} In the present case, Lerew, Patrick, and ABM have met their burden and shown that Marriott cannot meet any of the requirements necessary to support an action for conversion. All three argue that Marriott had no ownership interest in TLG's property. Specifically, appellees' demonstrate that Marriott was neither a secured or judgment creditor of TLG; Marriott was simply a nonpriority, unsecured creditor with no specific interest in TLG's property.
 {¶ 28} In response, Marriott argues that when Lerew and Patrick took property from TLG and transferred it to ABM, they gave the bankruptcy court less assets with which to pay TLG's creditors. This argument is speculative at best and does in no way demonstrate that Marriott had an ownership interest in TLG's property. Conclusory statements, without supporting evidence, are not enough to preclude the grant of summary judgment.
 {¶ 29} Even taking Marriott's argument in the most favorable light, all evidence in the record demonstrates that prior to Lerew and Patrick's employment with ABM, TLG was deeply in debt with no hope of financial survival. Any assets allegedly removed from TLG and brought to ABM could not have been of much value or else Patrick and Lerew would have used them to revive their company. Additionally, deposition testimony elicited from Beeken shows that the exhibitor lists allegedly removed from TLG contained public information, which would have been easily attainable by anyone.
 {¶ 30} Moreover, the U.S. Bankruptcy Court for the Northern District of Ohio has held that where a debtor corporation was financially incapable of assuming corporate opportunities, another corporation could pursue the resulting opportunity. In re: McCalla Interiors, Inc. v.Josette McCalla (1998), 228 B.R. 657. In McCalla, the sole owner of the debtor corporation used customer lists from the debtor corporation and her business experience to pursue opportunities of the debtor corporation as the sole owner of a new corporate entity. Id. at 658. The McCalla
court found that neither the sole shareholder of the debtor corporation or the new business entity had any responsibilities for the liabilities of the debtor corporation. Id. at 663.
 {¶ 31} Applying this case law to the facts at hand, it is clear that when TLG filed for bankruptcy, Patrick, Lerew, and ABM were all free to pursue the Atlanta and Cincinnati Plastic Trade Shows. Therefore, these two trade shows could not have been considered property for conversion purposes.
 {¶ 32} The trial court correctly granted Lerew's, Patrick's, and ABM's motions for summary judgment with regards to the claim of conversion, as their exist no genuine issues of material fact for trial.
 {¶ 33} Finally, Marriott argues that Lerew and Patrick were negligent in their duties as employees of TLG and that this damaged Marriott. To establish a cause of action for negligence, a plaintiff must show "a duty or obligation on the part of the person charged with such negligence to protect another from injury, a failure to discharge that duty, and an injury to such other proximately resulting from such failure." Wellmanv. East Ohio Gas (1953), 160 Ohio St. 103, at paragraph three of the syllabus.
 {¶ 34} In the present case, Lerew, Patrick, and ABM have all met their burdens in showing that they did not owe a duty to Marriott and, accordingly, they should be entitled to judgment as a matter of law. In response, Marriott has failed to allege what duty, if any, Lerew, Patrick, and ABM owed to Marriott. Marriott merely argues that Patrick and Lerew breached their duty owed to TLG when they did not act as reasonable employees. Even if this argument were enough to prove Patrick and Lerew acted negligently towards TLG, it in no way demonstrates that they acted negligently towards Marriott. Additionally, Marriott's argument fails to even address how, if at all, ABM acted negligently.
 {¶ 35} Accordingly, the trial court correctly granted Lerew, Patrick, and ABM's motions for summary judgment as to negligence.
 {¶ 36} Because this court affirms the trial court's grant of summary judgment on all claims as to all appellee's, the additional arguments of res judicata and statute of limitations are rendered moot.
 {¶ 37} Marriott's first assignment of error is overruled.
 {¶ 38} In its second assignment of error, Marriott argues that "the trial court erred and abused its discretion by overruling Motions to Strike the Affidavits of Gerald Winkel and Rebecca Lerew because they are not based upon personal knowledge among other things."
 {¶ 39} Our standard of review for a motion to strike is an abuse of discretion by the trial court. Abernethy v. Abernethy, Cuyahoga App. No. 81675, 2003-Ohio-1528. An abuse of discretion is more than an error of law or judgment; it implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v. Blakemore (1983),5 Ohio St. 3d 217, 219.
 {¶ 40} In the present case, Marriott argues that both Lerew's and Gerald Winkel's affidavits should have been stricken because they did not comply with Civ. R. 56(E). Civ.R. 56(E) provides in pertinent part:
"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit."
 {¶ 41} Marriott is correct in its assertion that the trial court erred when it considered improper documents in conjunction with Lerew and ABM's motions for summary judgment. Civ.R. 56(E); Internatl. Bhd. of Elec.Workers v. Smith (1992), 76 Ohio App. 3d 652. However, a misapplication of the law does not demonstrate reversible error. It is well settled in Ohio that an error of law or judgment does not constitute an abuse of discretion. Blakemore at 219.
 {¶ 42} We find the trial court's actions constituted harmless error that may not be a basis for reversal. Civ.R. 61; App.R. 12(B). Ohio Appellate Courts have held that technical errors, without any dispute as to the evidence's authenticity, do not constitute prejudice to the appellant. See Knowlton Co. v. Knowlton (1983), 10 Ohio App.3d 82, reversed on other grounds Knowlton Co. v. Knowlton (1992),63 Ohio St.3d 677; Logsdon v. Ohio Northern Univ. (1990),68 Ohio App.3d 190; Internatl. Bhd. of Elec. Workers v. Smith, supra;County Treasurer v. Parcels of Land Encumbered with Delinquent Tax Liens
(February 9, 2000), Harrison Cty. Case No. 96-489-CA, 2000 Ohio App. LEXIS 496.
 {¶ 43} Marriott's argument does not challenge the authenticity of the evidence put forth in Lerew and Gerald Winkel's affidavits. It merely focuses on Lerew and ABM's failure to meet procedural requirements. Morever, Marriott makes no argument that a different result would have occurred had the affidavits complied with the requirements of Civ.R. 56(E).
 {¶ 44} Marriott has not demonstrated, nor do we find, any abuse of discretion by the trial court. Marriott's second assignment of error is overruled.
 {¶ 45} In its third and final assignment of error, Marriott argues that the trial court erred and abused its discretion by overruling its motion for leave to amend the complaint instanter.
 {¶ 46} Amended complaints are governed by Civ.R. 15(A), which states in pertinent part:
"A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise, a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires."
 {¶ 47} The trial court did not give its reasons for denying Marriott's motion for leave to file a second amended complaint instanter.
 {¶ 48} An appellate court reviews a trial court's denial of a motion to amend under an abuse of discretion standard. Mills v. Deere (May 11, 2004), Cuyahoga App. No. 82799, 2004-Ohio-2410. However, "although the disposition of a motion for leave to amend a pleading is discretionary, the denial of leave to amend a complaint constitutes an abuse of discretion when a plaintiff may, by an amended complaint, set forth a claim upon which relief may be granted, when the motion for leave to amend was tendered in a timely manner and in good faith, and when no justification for denying leave is disclosed on or apparent from the record." Forney, et al. v. Cincinnati Reds, Inc. (Dec. 14, 1988), Hamilton App. No. C-880016, 1988 Ohio App. LEXIS 4937 at *7, citingPeterson v. Teodosio (1973), 34 Ohio St.2d 161, paragraph six of the syllabus.
 {¶ 49} In the present case, Marriott filed the motion for leave to file the amended complaint on July 15, 2004, and supplemented that motion on August 4, 2004. This filing occurred more than twenty-one months after Marriott filed its initial complaint, more than twelve months after filing its first amended complaint, and less than one month prior to trial. Morever, at the time of the supplemented filing, all three motions for summary judgment were pending before the trial court and ripe for decision.
 {¶ 50} In response to Marriott's motion for leave, the opposing parties argued that Marriott had filed the motion in an untimely manner, and that Marriott had not set forth a claim for spoliation upon which relief could be granted. We agree.
 {¶ 51} Lerew, Patrick, and ABM argued that Marriott's untimely filing of its motion to amend was an attempt to postpone the previously set trial date. Moreover, the appellee's correctly point out that Marriot currently has a pending spoliation claim against all three parties in Cuyahoga County Common Pleas Court, CV-542212.
 {¶ 52} The parties also address the merits of Marriott's spoliation claim. In its proposed second amended complaint, Marriott argues that the appellees had "interfered with or engaged in the interference with and/or destruction of documents and things." Marriott does not identify a party, what items were destroyed, nor does it identify what documents or things were are at issue to the claim. The parties argued that Marriott failed to allege sufficient support for the proposed additional cause of action as required by law. We agree.
 {¶ 53} Accordingly, though the trial court did not state a reason for the denial, we do not find an abuse of discretion when the motion for leave to amend was filed twenty-one months after the initial filing of the case, less than one month remained before trial was to commence, and the amended complaint did not allege sufficient facts to support the proposed new cause of action. Wilmington Steel Products Inc. v. ClevelandElectric Illuminating Co. (1990), 60 Ohio St.3d 120.
 {¶ 54} Marriott's third assignment of error is overruled. Judgment affirmed.
It is ordered that appellee shall recover of appellant costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., And Gallagher, J., concur
 Appendix A Assignments of Error
 "I. The Trial Court erred and abused its discretion by grantingDefendants Rebecca Lerew's, Kim Patrick's, and Adams Business Media'sMotions for Summary Judgment because genuine issues of material factexist.
 II. The Trial Court erred and abused its discretion by overrulingMotions to Strike the Affidavits of Gerald Winkel and Rebecca Lerewbecause they are not based upon personal knowledge among other things.
 III. The Trial Court erred and abused its discretion by overrulingMarriott's Motion for Leave to Amend the Complaint Instanter.