JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is brought by appellant, Murray Jones, a defendant in the underlying action, on the grounds that the trial court erred in several of its actions after the parties completed arbitration through the court's Alternative Dispute Resolution ("ADR") program. After a thorough review of the record and for the reasons set forth below, we reverse and remand.
 {¶ 2} The facts in the underlying action are not disputed. On October 23, 2004, plaintiffs Viola and Willie Bester were back-seat passengers in Jones' car. As Jones entered the intersection at East 93rd Street and Chester Avenue, traveling south on East 93rd, his car was struck on the driver's side rear door by a car operated by Sagi Shilo, also a defendant in this case, who was traveling west on Chester Avenue. Both Jones and Shilo claim they had the green light as each entered the intersection.
 {¶ 3} On February 24, 2005, plaintiffs filed a complaint against both Jones and Shilo for personal injuries sustained in the automobile accident. In their respective answers, Jones and Shilo filed cross-claims against each other for indemnification, contribution, and personal injuries. At mediation, plaintiffs settled their lawsuits against both defendants, but the cross-claims remained unresolved. Counsel for Shilo filed a motion for leave to file a claim against Jones on behalf of Shilo's insurance carrier, State Farm Mutual Insurance Company ("State Farm").
 {¶ 4} The court allowed State Farm to file a subrogation claim against Jones for damages to Shilo's car. The court also allowed Jones leave to file his counter- *Page 4 
claim against Shilo for damages to his automobile. Jones, Shilo, and State Farm agreed to submit the case to binding arbitration in the ADR office of the Cuyahoga County Common Pleas Court.
 {¶ 5} On June 29, 2006, the ADR panel of three arbitrators held a hearing on the matter. On June 30, 2006, a Report and Award of Arbitrators (hereinafter "Report I") was mailed to all parties to the arbitration. Report I, dated June 29, 2006, stated: "Finding of 50% comparative negligence for each party and award $0 damages to each at each's cost." On June 30, 2006, the court entered a journal entry on the docket that stated: "Binding arbitration held on June 29, 2006. Court assessed costs as directed." The court did not enter any other journal entry regarding the arbitrators' decision at that time.
 {¶ 6} On July 10, 2006,[1] Jones' counsel received a copy of a letter sent to the arbitration panel by counsel for Shilo and State Farm. The letter requested that the panel revise Report I due to a purported error in the application of the comparative negligence law.[2] On July 11, 2006, Jones' counsel sent a letter to the panel stating *Page 5 
that any amended report and award would be a nullity under Ohio law; therefore, he objected to the request for amendment by Shilo's counsel.
 {¶ 7} On August 18, 2006, the clerk filed a "Revised" Report and Award of Arbitrators (hereinafter "Report II"), dated July 31, 2006, which stated: "Finding of comparative neg. For each party resultant awards of: $6,085.45 to State Farm and S. Shilo at his costs and $1,250.00 to M. Jones at his costs." On August 30, 2006, the court entered a journal entry that stated: "On the evidence presented at a binding arbitration hearing, judgment for the Defendants, Sagi Shilo and State Farm Mutual Automobile Insurance Company, on their cross-claims in the net sum of $6,095.45 against the Defendant, Murray Jones; and for the Defendant Murray Jones, on his cross-claim in the net sum of $1,250.00 against the Defendant, Sagi Shilo. Each claimant shall bear its own costs. All other claims were previously resolved. For all of which execution may issue."
 {¶ 8} On September 15, 2006, Jones filed an application to enforce the Report and Award of Arbitrators (Report I) and motion to strike the Revised Report and Award of Arbitrators (Report II). In addition, Jones filed a motion to vacate the court's August 30, 2006 judgment entry and a request for a hearing on the motion to vacate. Shilo and State Farm filed briefs in opposition to Jones' motions and application. Although the court scheduled a hearing for November 20, 2006, it was not held. On December 28, 2006, the court denied Jones' application to enforce the *Page 6 
Report and Award of Arbitrators and motion to strike the Revised Report and Award of Arbitrators, as well as his motion to vacate the court's August 30, 2006 judgment entry.
 Review and Analysis {¶ 9} It is the court's December 28, 2006 rulings that form the basis of Jones' appeal.[3] The crux of this appeal is the validity, or lack thereof, of Report II. Since Jones' assignments of error[4] propose alternate avenues to the same result, i.e. journalizing Report I, striking Report II, and vacating the court's August 30, 2006 judgment entry, we will address the arguments together.
 {¶ 10} Jones argues that the court erred in denying his motion to strike Report II on the basis that it was a nullity and could not legally replace the June 29, 2006 report. Shilo argues that because Report I was never journalized, Report II was the only valid decision.
 {¶ 11} As an initial matter, Shilo moved to strike several exhibits from Jones' appellate brief.[5] Jones attached four letters of correspondence to his brief, none of which were a part of the record. Exhibits 1 and 2 are letters between Jones and Shilo evidencing their agreement to enter binding arbitration. Exhibit 5 is the letter *Page 7 
from Shilo's counsel to the arbitration panel requesting that it revise Report I. Exhibit 6 is the letter from Jones' counsel objecting to the request made in Exhibit 5.
 {¶ 12} Appellate Rule 9(A) prohibits an appellate court from considering documents which were not a part of the record below.Erie Ins. v. Williams, Summit App. No. 23157, 2006-Ohio-6754. Therefore we agree that Exhibits 1, 2, 5, and 6 should be stricken, and we do not rely on them in reaching our decision.
 {¶ 13} When the parties met before the court, they agreed to binding arbitration to settle all remaining disputes. The court's entry, dated March 27, 2006, states: "Upon agreement of the parties, this case is hereby referred to binging (sic) arbitration. Accordingly, this case is hereby referred to the court ADR department for placement on the arbitration list for binding arbitration." At the time of this referral, the parties did not have a written agreement that required them to submit the case to arbitration.
 {¶ 14} Loc.R. 29 contains the rules applicable to arbitration. Loc.R. 29, Part I(A) states: "A case shall be placed upon the Arbitration List if so ordered by a Judge after a case management conference, pretrial or settlement conference and the Court has determined that all parties to the case have made an appearance by filing a responsive pleading or otherwise."
 {¶ 15} Jones argues that Chapter 2711 of the Ohio Revised Code governs this case because the matter was sent to arbitration on the basis of a written agreement. R.C. 2711.01(A) states: "A provision in any written contract, except as provided in division (B) of this section, to settle by arbitration a controversy that subsequently *Page 8 
arises out of the contract, or out of the refusal to perform the whole or any part of the contract, or any agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, or arising after the agreement to submit, from a relationship then existing between them or that they simultaneously create, shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract."
 {¶ 16} Because we have stricken Exhibits 1 and 2, correspondence between Jones' counsel and Shilo's counsel, dated March 20, 2006 and March 28, 2006 respectively, we hold that there is no written agreement between the parties that triggers the application of Chapter 2711. The trial court sent this matter to ADR pursuant to Loc.R. 29, and its provisions govern the procedure to be followed by the arbitration panel.
 {¶ 17} Jones argues that Report I is the only valid decision by the arbitration panel, despite the fact that the court never journalized it.[6] Specifically, Jones argues that the trial court erred by denying both his motion to strike Report II and his motion to vacate the court's August 30, 2006 journal entry. We address first his motion to strike.
 {¶ 18} Our standard of review for a motion to strike is abuse of discretion by the trial court. Abernethy v. Abernethy, Cuyahoga App. No. 81675, 2003-Ohio-1528. *Page 9 
An abuse of discretion is more than an error of law or judgment; it implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Marriott Corp. v. Lerew, Cuyahoga App. No. 85551,2005-Ohio-5336, citing Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219, 5 Ohio B. 481, 450 N.E.2d 1140. It is well settled in Ohio that an error of law or judgment does not constitute an abuse of discretion.Blakemore, supra at 219.
 {¶ 19} Loc.R. 29, Part VII(A) governs the process an arbitration panel must follow once the hearing is complete and a decision has been reached. Specifically, Loc.R. 29, Part VII(A) states: "Within seven (7) days following the hearing, the Arbitration Panel shall file a report and award in the office of the ADR Administrator acting for the Clerk of Courts, and on the same day shall mail or otherwise forward copies to all parties or their counsel * * *. The ADR administrator shall make a notice of the report and award on the docket and file the original with the Clerk of Courts."
 {¶ 20} The language in Loc.R. 29, Part VII(A) is mandatory, and it reinforces the ministerial functions of the panel and the ADR administrator in filing the report and award. The ADR panel complied with the portion of the rule which requires "on the same day [it] shall mail * * * copies [of the report and award] to all parties or their counsel." None of the parties argue it did not receive Report I.
 {¶ 21} The alleged error in this case arises from the fact that no one formally entered the substantive language contained in Report I on the docket. The docket does reflect that the clerk's office received information from the ADR panel, which *Page 10 
prompted it to make its June 29, 2006 entry. This entry reads: "Binding arbitration held on 06/29/2006. Court cost assessed as directed."
 {¶ 22} Clearly, someone communicated the result of the arbitration, both with respect to when it was held and that costs had been assessed. It is a stretch to imagine that someone in the clerk's office, on his or her own initiative, sought to docket an entry about the hearing without direct information from someone in the ADR office. We find that it was an error for Report I not to be entered on the docket as the official decision. Therefore, the court abused its discretion by denying Jones' motion to strike Report II since filing Report I on the docket should have been a purely ministerial act by the clerk of courts.
 {¶ 23} Having determined that Report I was the only valid decision, the arbitrators' authority was terminated as of June 29, 2006. Upon announcement of a decision, the powers and duties of the arbitration panel are terminated. Miller v. Gunkle (2002), 96 Ohio St.3d 359,775 N.E.2d 475. Any subsequent action to the original report and award is without legal foundation. Lockhart v. American Resv. Ins. Co. (1981),2 Ohio App.3d 99, 440 N.E.2d 1210. Therefore, Report II did not legally exist, and the clerk should never have filed it on the docket.
 {¶ 24} Although Jones filed an application to enforce the report and award of arbitrators, this procedure is only proper under Chapter 2711. Because Loc.R. 29 provides a process by which a court journalizes an arbitration panel's decision, such an application is not necessary in this case. *Page 11 
 {¶ 25} Shilo argues that Report I was, in essence, a "work in progress" and subject to revision before it was properly journalized. His counsel's letter (Exhibit 5 of Jones' brief), misdated March 21, 2006, requested that the panel make amendments to Report I in terms of the law it applied. As we stated above, Exhibit 5 was not part of the record and is stricken. Even assuming arguendo that this court considered it, certainly any amendments to an arbitration panel's report and award would need to be made prior to the seven days the panel had in which to file its decision and mail it to the parties, and certainly before the powers and duties of the panel are terminated.
 {¶ 26} The parties do not dispute that Shilo's letter was misdated March 21, 2006; unfortunately, the only date available for this court to consider is the date on which Jones' counsel received the letter, July 10, 2006. This date falls outside the seven days Shilo may have had to request an amendment under Loc.R. 29 and has no legal effect on Report I.
 {¶ 27} We hold that Report I was the only valid report and award in this case. Therefore we now address Jones' motion to vacate the court's August 30, 2006 judgment entry. The requirements necessary to satisfy Civ.R. 60(B) are summarized in GTE Automatic Elec. v. ARCIndustries (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus:
 {¶ 28} "To prevail on a motion under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. *Page 12 
60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. The movant's burden is to allege a meritorious defense, not to prevail with respect to the truth of the meritorious defense.' Colley v. Bazell (1980), 64 Ohio St.2d 243, 247,416 N.E.2d 605, fn 3; GMAC v. Deskins (1984), 16 Ohio App.3d 132, 134,474 N.E.2d 1207."
 {¶ 29} The determination as to whether to grant a Civ.R. 60(B) motion for relief from judgment is within the sound discretion of the trial court and will not be reversed upon appeal absent an abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 514 N.E.2d 1122. The trial court's ruling on a motion for relief from judgment will not be disturbed unless it is clear that the decision was unreasonable, arbitrary, or unconscionable. Blakemore, supra.
 {¶ 30} Because we hold that Report I was the valid decision, Jones has a meritorious claim to present based on the error made by the court; further, his motion was timely. We hold that the court should have granted Jones' motion to vacate its August 30, 2006 judgment entry, and it was an abuse of discretion for the court to deny the motion. Both reports cannot exist simultaneously.
 {¶ 31} Shilo argues that, even if Report I was the valid decision, the panel misapplied the law on comparative negligence, and Report I must be vacated. Shilo makes his argument under Chapter 2711, despite having argued its inapplicability to this arbitration. Because we have held that Loc.R. 29 governs this case, we look at its appellate procedure. *Page 13 
 {¶ 32} The proper procedure for appealing a report and award of arbitrators is found in Loc.R. 29, Part VIII. "Any party may appeal from the action of the Panel of Arbitration to the Common Pleas Court of Cuyahoga County. No appeal can be withdrawn without consent of all parties. The filing of a single appeal shall be sufficient to require a de novo trial of the entire case on all issues and as to all parties without the necessity of each party filing a separate appeal de novo." Loc.R. 29, Part VIII(A).
 {¶ 33} This procedure does not permit one party or another to contest the arbitrators' decision by writing the panel a letter to request that it amend its finding. The letter from Shilo's counsel, mistakenly dated March 21, 2006 and requesting this action, is an improper method of appealing the panel's decision. We decline to address whether Shilo can successfully appeal a binding arbitration decision or whether the panel misapplied the law of comparative negligence. Those issues are not before us.
 {¶ 34} The court abused its discretion by denying Jones' motion to strike Report II, the August 18, 2006 "revised" report and award. The court also abused its discretion by denying Jones' motion to vacate the court's August 30, 2006 judgment entry.
 {¶ 35} This case is reversed and remanded with instructions that the court journalize Report I, the June 29, 2006 report and award.[7] *Page 14 
It is ordered that appellants recover from appellees costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., ADMINISTRATIVE JUDGE
CHRISTINE T. MCMONAGLE, J., AND MARY J. BOYLE, J., CONCUR
 APPENDIX A
Appellants' Assignments of Error:
I. Upon the announcement of a binding arbitration award, the arbitrators' duties and power expire, and any amended or revised award is a nullity.
II. Upon a proper application to enforce an arbitration award, a trial court is required to confirm the award and enter judgment upon it, unless a timely and stalwart motion to vacate or modify has been filed.
III. Where the court has entered judgment on a legally deficient arbitration decision, pursuant to Civil Rule 60, the court is required to vacate its judgment entry and determine the proper arbitration decision to be enforced.
[1] The letter was mistakenly dated March 21, 2006; therefore, it is not clear whether it was actually mailed.
[2] Shilo and State Farm argue that R.C. 2315.33 should have been applied by the panel. That section of the statute reads: "The contributory fault of a person does not bar the person as plaintiff from recovering damages that have directly and proximately resulted from the tortious conduct of one or more other persons, if the contributory fault of the plaintiff was not greater than the combined tortious conduct of all other persons from whom the plaintiff seeks recovery in this action and of all other persons from whom the plaintiff does not seek recovery in this action. The court shall diminish any compensatory damages recoverable by the plaintiff by an amount that is proportionately equal to the percentage of tortious conduct of the plaintiff as determined pursuant to section 2315.34 of the Revised Code."
[3] Since the filing of this appeal, Shilo has filed a motion to strike several exhibits from Jones' appellate brief (Motion No. 395281), and Jones has filed a motion to correct the record (Motion 395701). Because both of these motions are deeply intertwined with the merits of this case, they will be addressed in our opinion.
[4] Assignments of Error are included in Appendix A of this Opinion.
[5] Included in Shilo's motion to strike is Exhibit 3, a copy of Report I. Because this document is central to our analysis, we will address it in the context of this opinion.
[6] Jones filed a motion to correct the record (Motion No. 395701) to include Report I, relying on both Civ.R. 60(A) and App.R. 9(E). We will address this in the context of our analysis of his appellate arguments.
[7] Because we hold that the June 29, 2006 report and award is valid, we do not address Jones' motion to correct the record. *Page 1