[Cite as *Cleveland v. Lewis*, 2017-Ohio-7319.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104928**

# CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

# KENNETH LEWIS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cleveland Municipal Court
Housing Division
Case No. 2015 CVH 11782

**BEFORE:** McCormack, P.J., Laster Mays, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** August 24, 2017

**ATTORNEY FOR APPELLANT**

Douglas P. Whipple
Whipple Law L.L.C.
13940 Cedar Road, Suite 420
University Heights, OH 44118


**ATTORNEYS FOR APPELLEE**

Sandra A. Prebil
Sean F. Berney
David M. Douglass
Thomas A. Marino
Douglass & Associates Co., L.P.A.
4725 Grayton Rd.
Cleveland, OH   44135

TIM McCORMACK, P.J.:

{¶1} Kenneth Lewis ("appellant") appeals from a judgment of the Housing Division of Cleveland Municipal Court that granted summary judgment in favor of the city of Cleveland relating to a nuisance abatement matter. For the following reasons, we affirm the housing court's judgment.

**Background**

{¶2} A two-family rental property located at 9807 Adams Avenue, Cleveland, had caught fire. On October 23, 2008, city of Cleveland Inspector Camille Smith inspected the rental property and determined the condition of the structure constituted a public nuisance. On November 7, 2008, the city issued a notice of violation designated as "30 Day Condemnation" to the owner. The notice listed each housing code violation, gave the owner 30 days to correct the violations, and also advised the owner of a right to appeal the notice.

{¶3} On November 17, 2008, the city mailed the notice of violation by certified mail to 15738 Fenemore Rd., East Cleveland, which is appellant's tax mailing address and residential address as well. The certified mail was returned with an "unclaimed" notation. The city then posted the "30 Day Condemnation" notice at the front door of the residential structure. The city never heard from the owner, and the property remained in a state of disrepair for nine months. On August 13, 2009, the city demolished the structure. Appellant neither appealed the condemnation notice nor challenged the demolition of his property.

**{¶4}** Six years later, on August 11, 2015, the city filed a complaint in the housing court against appellant to collect the demolition cost of $6,700, administrative cost of $732, and attorney/collection fees of $2,080.96. The city subsequently moved for summary judgment. The trial court granted summary judgment in favor of the city, awarding it $9,513.00 plus interest.

**{¶5}** On appeal, appellant-defendant raises three assignments of error:

1. The trial court erred in granting summary judgment, because Plaintiff failed to give notice to Defendant as required by [Cleveland Codified Ordinances ("C.C.O.")] 367.05, "Noncompliance With Notice."

2. The trial court erred in relying on "Exhibit b" in support of its Order granting summary judgment.

3. The trial court erred in granting summary judgment, because Plaintiff failed to give notice to Defendant as required by C.C.O. 367.04, "Notice of Violation."

**{¶6}** Summary judgment is appropriate when: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. Civ.R. 56(C). We review the trial court's judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

**Notice**

{¶7}   The main question presented in this appeal is whether the city provided proper notice pursuant to the city's housing and building code to appellant before demolishing the condemned structure. Under the first assignment of error, appellant claims the city was required to send him two separate notices.

{¶8}   In granting summary judgment in favor of the city, the trial court held that a single notice to the owner of a condemned structure is sufficient before demolition. Upon a review of the pertinent sections from the city's housing and building code, we agree with the trial court.

{¶9}   The record reflects that on October 23, 2008, the city's Department of Building and Housing inspected the two-family residential structure owned by appellant and found 25 code violations.   The structure was deemed to have created an imminent danger to human life and public health, safety, and welfare, and was declared a public nuisance by the Director of Building and Housing.   On November 7, 2008, the Department issued a notice of violation designated as "30 Day Condemnation" regarding the property.

{¶10} The notice requirement for demolishing a structure declared to be a public nuisance is set forth in C.C.O. 367.05(c):

> Whenever the Commissioner has made the determination that a dwelling structure or premises constitutes a public nuisance in that the structure or premises is injurious to the public health, safety and welfare, and the owner, agent or person in charge of such structure fails, neglects or refuses to comply with *a notice of violation ordering such structure to be demolished* or boarded, or the violations corrected, the Commissioner may take

necessary action to demolish or effectively board such structure in accordance with the procedure and requirements set forth in Section 3103.09 or take such other action as may be necessary to abate the nuisance. The *Commissioner shall give written notice in conformance with the procedures set forth in this Housing Code for the service of notice of violation* informing the owner or agent, mortgagee of record, lessee of record or lien holder of record of the City's intention to demolish or effectively board such structure at least thirty (30) days prior to such intended action by the City.

(Emphasis added.)

{¶11} Appellant argues this section requires the city to send two separate notices: a notice of violation and a separate notice prior to demolition. The housing court read C.C.O. 367.05(c) as authorizing the city to demolish a condemned structure when a single notice of violation has been provided to a property owner and the owner fails to comply with the notice. We agree with the trial court's reading of the ordinance.

{¶12} C.C.O. 367.05(c) comprises of two sentences. The first sentence authorizes the city to demolish a condemned structure if the owner fails to comply with a notice of violation. The second sentence sets forth the method the city must employ when issuing the notice of violation referred to in the first sentence — it requires the notice to be sent to mortgagees, lien-holders, and lessees of records and it requires the notice to be sent 30 days before the demolition. The second sentence, furthermore, references C.C.O. 3103.09.

{¶13} C.C.O. 3103.09 ("Unsafe Structures and Exterior Property Nuisances; Violations and Remedial Notices; Cost Recovery") governs the declaration of nuisance and notice requirement for structures condemned as public nuisances. A review of that

ordinance confirms the requirement of a single notice to the owner of a condemned structure prior to demolition. Several sections of C.C.O. 3103.09 are pertinent here.

{¶14} C.C.O. 3103.09(b) ("Declaration of Nuisance") states:

(1)     All buildings or structures that are injurious to or a menace to the public health, safety or welfare, or are structurally unsafe, unsanitary or not provided with adequate safe egress, or constitute a fire hazard, or are vacant and open to public entry, or are otherwise dangerous to human life or injurious to the public, or in relation to existing use constitute a hazard to the public health, safety or welfare by reason of inadequate maintenance, dilapidation, obsolescence or abandonment, are, severally, for the purposes of this Building Code, declared to be "unsafe structures." All unsafe structures or conditions are declared to be public nuisances. The public nuisance shall be abated by correction of the violations to the minimum standards of the Codified Ordinances of Cleveland, Ohio, 1976, applicable City rules and regulations, the Revised Code, and Ohio Administrative Code, including the Ohio Building Code, or by demolition.

C.C.O. 3103.09(e) ("Notice of Violation") sets forth the notice requirement for a structure found to be a public nuisance. It states:

(1)     Whenever the Director finds a building, structure or a portion of those to be unsafe and determines it or the property on which it is

located to be a public nuisance as defined in this chapter, he or she shall forward by certified mail to the owner, agent or person in control of the building, structure or portion and to any mortgagee of record a written notice of violation stating the defects in the building or structure. The notice of violation shall require the owner within a stated time to abate the nuisance condition of the building or structure by correction of the violations and defects to the minimum standards of the Codified Ordinances of Cleveland, Ohio, 1976, applicable City rules and regulations, the Revised Code, and Ohio Administrative Code, including the Ohio Building Code, or by demolition and removal of the building, structure, or a portion of those. The notice also shall state that if the nuisance is not abated within the required time that the Director may take appropriate action to repair, remove, or otherwise abate the public nuisance and that the owner, agent or person in control shall be responsible for the costs. * * *.

C.C.O. 3103.09(g) provides for a right to appeal from the notice of violation.

Right to Appeal. The owner, agent or person in control shall have a right to appeal from the notice and decision of the Director as provided in this section and appear before the Board of Building Standards and Building Appeals at a specified time and place to show cause why he or she should not comply with the notice. Any notice served by the Director shall automatically become a final order if a written notice of appeal before the Board is not filed in the office of the Board within the time set forth in the notice from the Director. In the absence of an appeal, all actions taken shall constitute a valid exercise of the police powers of the City of Cleveland.

{¶15} Finally, when a property owner fails to comply with the notice of violation, C.C.O. 3103.09(h) sets forth the city's authority to demolish the structure. Two divisions of C.C.O. 3103.09(h) are pertinent here: (h)(1) and (h)(6). Division (h)(1) states:

*Director Authorized to Demolish, Remove, or Abate.* In case the owner, agent or person in control fails, neglects or refuses to comply with the notice to repair or rehabilitate, or to demolish and remove a public nuisance or unsafe building, structure or a portion of those, the Director may take

appropriate action to demolish and remove an unsafe structure or to remove or abate any condition that is defined as a nuisance under this chapter.

(Emphasis sic.) Division (h)(6) states:

*Notice of Intent to Demolish.* Except as provided in division (1) of this section, the Director shall give written notice informing the owner, agent, or person in control, mortgagee of record and lien holders of record of the City's intention to demolish and remove the unsafe building or structure at least thirty (30) days before the intended action by the City. The notice may be effective concurrently with the violation notice. * * *

(Emphasis sic.)

**{¶16}** Under division (h)(1), the city is authorized to demolish a public nuisance when the owner fails to comply with the notice of violation. Division (h)(6) sets forth another mechanism for demolition — it states that, "except as provided in division (1) of this section," the Director of Building and Housing shall give a written notice informing the owner of the city's intention to demolish, 30 days before the demolition. This division explicitly states that the notice of intent to demolish "may be effective concurrently with the violation notice." Thus, under *either* division (h)(1) or (h)(6), only a single notice 30 days in advance is required for the demolition of a public nuisance.

**{¶17}** Here, the Director of Building and Housing issued a notice of violation designated as "30 day Condemnation" regarding the subject property on October 23, 2008. The notice listed 25 code violations in the structure located at 9807 Adams Avenue and declared it to be a public nuisance. The notice stated that the city will

summarily abate the public nuisance if the enumerated violations were not corrected by December 7, 2008. It states, in all capital letters:

FAILURE TO COMPLY WITH THIS NOTICE SHALL RESULT IN THE DEMOLITION OF THE BUILDING(S). ANY AND ALL COSTS INCURRED BY THE CITY FOR THE DEMOLITION OF THE BUILDING(S) SHALL BE PAID BY THE OWNER(S) OF RECORD. IF THE OWNER(S) FAILS TO PAY FOR THE COSTS WITHIN THIRTY (30) DAYS, LEGAL ACTIONS SHALL BE INITIATED TO COLLECT THE DEBT.

{¶18} The notice, in addition, states, "PLEASE CONTACT THE INSPECTOR UPON RECEIPT OF THIS NOTICE." Moreover, it advised appellant of his right to appeal, stating, "You have the right to appeal this notice. If you wish to appeal, you must file a written appeal within 30 days of the issuance date on this notice." Appellant never filed an appeal from the notice of violation.

{¶19} Thus, our review of the record and the pertinent sections of the city's housing and building code reflects the city supplied appellant with the requisite notice under Division (h)(1) of C.C.O. 3103.09 prior to demolishing the condemned structure. Appellant's first assignment of error claiming the city failed to give proper notice before demolishing the condemned structure is without merit.

**Service by Certified Mail**

{¶20} The third assignment of error also relates to the notice and we address it next. Under the third assignment of error, appellant claims there was a genuine issue of material fact as to whether the city conducted a reasonable and diligent search to find him before serving him the notice by certified mail and by posting the notice on the premises.

{¶21} C.C.O. 3103.09 governs the service of notice for structures declared to be a public nuisance. C.C.O. 3103.09(e) ("Notice of Violation") states, in pertinent part:

(1) Whenever the Director finds a building, structure or a portion of those to be unsafe and determines it or the property on which it is located to be a public nuisance as defined in this chapter, he or she shall forward by certified mail to the owner, agent or person in control of the building, structure or portion and to any mortgagee of record a written notice of violation stating the defects in the building or structure. * * *.

(2) If the person to whom the notice and order is addressed is not found after a reasonable and diligent search, then the notice and order shall be sent by certified mail to his or her tax mailing address, if available, as indicated on the County tax duplicate, and a copy of the notice shall be posted in a conspicuous place on the premises to which it relates. *The mailing and posting shall be deemed legal service of the notice.*

(Emphasis added.)

{¶22} Under the ordinance, the city shall send the notice by certified mail to the owner of the condemned structure. If the owner is not found after a reasonable and diligent search, the city is required to send the notice by certified mail to the owner's tax mailing address as indicated on the county tax duplicate and also to post the notice in a conspicuous place on the premises.

**{¶23}** Here, the city fulfilled the requirement under C.C.O. 3103.09(e)(1) when it found appellant's residential address on Fenemore Road — which was his tax mailing address — and sent the notice by certified mail to that address. C.C.O. 3103.09(e)(1) does not require the city to do more once the notice is sent by certified mail to the owner; it is silent as to what the city should do if the certified mail comes back "unclaimed." C.C.O. 3103.09(e)(2) requires the notice to be sent by certified mail to the owner's tax mailing and to be posted on the premises if the owner is not "found." Here, although the city found appellant's residential address, because the certified mail came back "unclaimed," the city took the extra step to post the notice on the premises. As appellant's residential address was also his tax mailing address, the city also fulfilled the requirement under C.C.O. 3103.09(e)(2), even assuming the city was required under the circumstances here to serve the notice as required by C.C.O. 3103.09(e)(2).

**{¶24}** Appellant argues that service of notice by certified mail and posting constituted legal service of the notice only after the owner's address cannot be found after a reasonable and diligent search, and he argues there is a genuine issue of material fact whether the city conducted a reasonable and diligent search before sending the notice by certified mail.[1] Appellant's argument lacks merit. Through its search, the city *found* appellant's correct residential address and sent the notice by certified mail to that address, in compliance with C.C.O. 3103.09(e)(1). Although the ordinance does not specify what

---

[1] Instead of C.C.O. 3103.09, appellant cites C.C.O. 367.04, which contains similar "reasonable and diligent search" language.

the city should do when the certified mail was returned unclaimed, the city took the extra step of posting the notice on the premises in compliance with C.C.O. 3103.09(e)(2). The third assignment of error is overruled.

**Authentication of Documents**

{¶25} Under the second assignment of error, appellant argues the trial court should not have considered exhibit B attached to the city's motion for summary judgment. Exhibit B, also attached to the city's complaint, comprises several documents relating to the November 7, 2008 notice of violation. Exhibit B consists of the notice of violation itself, the certified mail receipts for the notice of violation and the United States Postal Service Track and Confirm search results, and copies of photographs of the notice posted at the front door of the condemned structure. Appellant claims the trial court improperly considered this exhibit in granting summary judgment in favor of the city.

{¶26} Civ.R. 56(C) enumerates an inclusive list of the materials that may be considered in determining a motion for summary judgment. It states:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

{¶27} When a document does not fall within one of the enumerated categories in Civ.R. 56(C), a party may introduce it by incorporating it by reference in a properly framed affidavit. *Wolk v. Paino*, 8th Dist. Cuyahoga No. 94850, 2011-Ohio-1065, citing

*Biskupich v. Westbay Manor Nursing Home*, 33 Ohio App.3d 220, 515 N.E.2d 632 (8th Dist.1986). Civ.R. 56(E) governs the proper form of affidavits. It states:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit. * * *

**{¶28}** Here, the city submitted an affidavit from Ayonna Donald, an employee of the city's Department of Building and Housing to authenticate and incorporate by reference various documents and photographs relating to the November 7, 2008 notice. Donald averred that she had knowledge of the matter regarding the subject nuisance abatement matter. In her capacity of employment, she was familiar with the records of the Department of Building and Housing, which were maintained in the ordinary course of business. She then averred:

> Plaintiff issued to Defendant a Notice of Violation, Condemnation and Demolition on 11/7/2008 and subsequently issued its invoice for costs of said demolition/board up work in compliance with §715.261 of the Ohio Revised Code and with § 3103.09(k)(3) of the Codified Ordinance of the City of Cleveland, *copies of which are attached to Plaintiff's complaint*.

(Emphasis added.)

**{¶29}** Appellant claims this affidavit is insufficient to establish that the city complied with the notice requirements. Our reading of the affidavit show that, as drafted, it authenticated the notice of violation, but failed to authenticate the post office records documenting that notice was issued to Lewis via certified mail, or the photographs of the notice posted at the front door of the condemned structure.

**{¶30}** Regarding this issue, our review of the record reflects that when the city filed the motion for summary judgment, appellant had failed to respond to the city's requests for admissions. As such, the matters requested for admission would be deemed admitted. *See Smallwood v. Shiflet*, 8th Dist. Cuyahoga No. 103853, 2016-Ohio-7887, ¶ 18 (pursuant to the express language of Civ.R. 36(A), requests for admissions are self-executing; if there is no response to a request or an admission, the matter is admitted). Although the trial court subsequently allowed appellant leave to answer the requests for admission and appellant then refused to admit the authenticity of the notice-related documents, to some degree appellant prompted the claimed error regarding the trial court's consideration of the affidavit because the city submitted its summary judgment motion secure in the knowledge that appellant had admitted the authenticity of the documents in exhibit B (including the post office mailing records and the photographs of the property with the posted notice), which had been attached to the complaint. Appellant's failure to timely respond to the requests for admissions contributed to the error he now complains of.

**{¶31}** Furthermore, Ohio courts have recognized that technical noncompliance with Civ.R. 56 authentication procedures is not prejudicial if the authenticity of the supporting documents is not called into question. Appellant makes no allegation that these documents are forged or otherwise unauthentic but only contends that these documents were not specifically referred to and properly authenticated by Donald's affidavit. The courts have recognized that "technical noncompliance with Civ.R. 56

authentication procedures is not prejudicial if the authenticity of the supporting documents is not called into question." *Deutsche Bank Natl. Trust Co. v. Hansen*, 5th Dist. Fairfield No. 2010 CA 00001, 2011-Ohio-1223, ¶ 47. *See also Marriott Corp. v. Lerew*, 8th Dist. Cuyahoga No. 85551, 2005-Ohio-5336, ¶ 42 (technical errors, without any dispute as to the evidence's authenticity, do not constitute prejudice to the appellant); *Internatl. Bhd. of Elec. Workers v. Smith*, 76 Ohio App.3d 652, 660, 602 N.E.2d 782 (6th Dist.1992) (failure to properly authenticate documents pursuant to Civ.R. 56(E) may be harmless error). Therefore, the trial court's consideration of the postal records and photographs in granting summary judgment in favor of the city constituted harmless error; the deficiency would be easily cured by a more precisely drafted affidavit and the outcome in this matter would be the same in a refiled motion for summary judgment. The second assignment of error is not well-taken.

{¶32} In conclusion, the city properly issued a condemnation notice ordering appellant to repair or demolish his rental property that had been damaged by fire. When appellant failed to act, the city incurred costs to have the structure demolished. Appellant is liable to the city for the abatement costs the city incurred. The city is entitled to summary judgment on its claim.

{¶33} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR